THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

RICHARD COLEMAN,

Plaintiff-Appellant

v.                                    Case #15-5038

UNITED STATES,
Defendant-Appellee

Motion for Relief From Clerk's Order of May 19, 2015

COMES, NOW, Appellant Coleman to ask this Court to grant his Motion for Relief of Order of May, 19, 2015, giving Mr., Coleman 14 days, to correct "an impermissible addendum, FCR 28(a)(12),." and cites the following grounds in support thereof:

1.  According to the 2013 version o Rule 28 (see attached) there is no Rule 28(a)(12).'

2.  As Mr. Coleman was lead to believe "the entire record is available to the court, COLEMAN filed no appendix with his initial brief..

3.  By Order of February 10, 2015, Coleman had been ordered to submit a Corrected Brief,

4.  Coleman timely filed a Motion for Relief, wrongly challenging the Court's finding of a failure to include a "Standard of Review, a mistake for which Coleman later apologized. Otherwise, the Court's grounds for rejecting. COLEMAN's Brief were contradicted by the evidence of his filing..

5. Coleman submitted a Corrected Brief within the 30 days allowed including a Standard of Review argument, and with an Addendum, which should have been called the "Appendix" and which **included the original trial court's Order and Opinion.**

6. By Order of May 5, 2015, the Clerk's office rejected Coleman's Brief because the word, "Corrected, was not on the cover", (It was) and because, :"the brief contains an impermissible addendum FCR(a)(12)"(Mr. Coleman was unable to find "FCR(a)(12)," but corrected "Addendum" to "Appendix, noting the original trial court's Order and Opinion had been included in the prior Addendum, and therefore, could not be duplicated in the corrected Appendix.

7. By Order of May 19, 2015, the Clerk's office again rejected Coleman's Brief because, "the brief contains an impermissible addendum FCR 28 (a)(12)"

Mr. Coleman's reading of the December, 2013 version of Rule 28, revealed there is no Rule 28 (a)(12),

8. Nevertheless, Mr. Coleman revisited Rule 28(e) -- References To The Record, " which refereed to Rule 30 (c) for those appendices filed after the Brief and which states in pertinent part "The appendix must begin with a table of contents identifying the page at which each part begins. Other parts of the record must follow chronologically."

9. With only three entries, and with each named by its title, a Table of Contents as a heading would have been redundant. Otherwise, the Appendix provided in Mr, Coleman's Corrected, and Second Corrected Briefs, comports to Rule 28(e) and Rule 30(c).

That said, Mr. Coleman must acknowledge that other than the legitimate demand that he correct his Brief as to arguing a Standard of Review, he has the disquieting suspicion that someone has unofficially ordered that Mr/ Coleman's case be disposed of by whatever means necessary. To that hypothetical person, Mr. Coleman would counsel, it has taken him four hours to draft this motion, a task he

would have gladly paid an attorney if his Social Security income would have allowed.

Date: 5/27/15

Respectfully submitted.

Richard Coleman, pro se
510 Arbutus St.
Elizabeth City, NC 27909
571-623-7305

## CERTIFICATION

I herein certify that a true and exact copy of this Appeal has been sent by US Mail to Joseph E. Ashman, counsel for the Defendant, US Department of Justice, PO Box 480, Ben Franklin Station, Washington, DC 20044, on this the 27 day of May, 2015

# Appendix

1. Coleman's Complaint……………………………………………………A1-A15

2. Coleman's Amended Complaint …………………………………… A-16-A-30

3. Trial court's Order and Opinion…………………………………….A-31-37

# Appendix

1. Coleman's Complaint..................................................................A1-A15

2. Coleman's Amended Complaint ........................................ A-16-A-30

3. Trial court's Order and Opinion (See Addendum  Corrected Brief ......A-31-37

Federal Rules of Appellate Procedure (/rules/frap) › TITLE VII. GENERAL PROVISIONS (/rules/frap/title_VII)

# Rule 28. Briefs

(a) APPELLANT'S BRIEF. The appellant's brief must contain, under appropriate headings and in the order indicated:

   (1) a corporate disclosure statement if required by Rule 26.1 (/rules/frap/rule_26-1);

   (2) a table of contents, with page references;

   (3) a table of authorities—cases (alphabetically arranged), statutes, and other authorities—with references to the pages of the brief where they are cited;

   (4) a jurisdictional statement, including:

      (A) the basis for the district court's or agency's subject-matter jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction;

      (B) the basis for the court of appeals' jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction;

      (C) the filing dates establishing the timeliness of the appeal or petition for review; and

      (D) an assertion that the appeal is from a final order or judgment that disposes of all parties' claims, or information establishing the court of appeals' jurisdiction on some other basis;

   (5) a statement of the issues presented for review;

   (6) a concise statement of the case setting out the facts relevant to the issues submitted for review, describing the relevant procedural history, and identifying the rulings presented for review, with appropriate references to the record (see Rule 28(e));

   (7) a summary of the argument, which must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief, and which must not merely repeat the argument headings;

   (8) the argument, which must contain:

      (A) appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies; and

      (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

   (9) a short conclusion stating the precise relief sought; and

   (10) the certificate of compliance, if required by Rule 32(a)(7).

Case: 15-5038    Document: 16    Page: 7    Filed: 06/09/2015

(b) APPELLEE'S BRIEF. The appellee's brief must conform to the requirements of Rule 28(a)(1)–(8) and (10), except that none of the following need appear unless the appellee is dissatisfied with the appellant's statement:

    (1) the jurisdictional statement;

    (2) the statement of the issues;

    (3) the statement of the case; and

    (4) the statement of the standard of review.

(c) REPLY BRIEF. The appellant may file a brief in reply to the appellee's brief. Unless the court permits, no further briefs may be filed. A reply brief must contain a table of contents, with page references, and a table of authorities—cases (alphabetically arranged), statutes, and other authorities—with references to the pages of the reply brief where they are cited.

(d) REFERENCES TO PARTIES. In briefs and at oral argument, counsel should minimize use of the terms "appellant" and "appellee." To make briefs clear, counsel should use the parties' actual names or the designations used in the lower court or agency proceeding, or such descriptive terms as "the employee," "the injured person," "the taxpayer," "the ship," "the stevedore."

(e) REFERENCES TO THE RECORD. References to the parts of the record contained in the appendix filed with the appellant's brief must be to the pages of the appendix. If the appendix is prepared after the briefs are filed, a party referring to the record must follow one of the methods detailed in Rule 30(c). If the original record is used under Rule 30(f) and is not consecutively paginated, or if the brief refers to an unreproduced part of the record, any reference must be to the page of the original document. For example:

- Answer p. 7;
- Motion for Judgment p. 2;
- Transcript p. 231.

Only clear abbreviations may be used. A party referring to evidence whose admissibility is in controversy must cite the pages of the appendix or of the transcript at which the evidence was identified, offered, and received or rejected.

(f) REPRODUCTION OF STATUTES, RULES, REGULATIONS, ETC. If the court's determination of the issues presented requires the study of statutes, rules, regulations, etc., the relevant parts must be set out in the brief or in an addendum at the end, or may be supplied to the court in pamphlet form.

(g) [RESERVED]

(h) [Reserved]

(i) Briefs in a Case Involving Multiple Appellants or Appellees. In a case involving more than one appellant or appellee, including consolidated cases, any number of appellants or appellees may join in a brief, and any party may adopt by reference a part of another's brief. Parties may also join in reply briefs.

Coleman
510 Arbados St.
Elizabeth City, NC 27909

Clerk of Court
US Court of Appeals Federal Circuit
717 Madison Place NW
Washington DC 20439

